**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| DAJUAN MCCLANAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | Case No: |
| | ) | |
| JANET L. YELLEN, SECRETARY OF THE TREASURY | ) ) | |
| | ) | **Jury Trial Demanded** |
| Serve: Teresa Moore, | ) | |
| U.S. Attorney for the | ) | |
| Western District of Missouri | ) | |
| Room 5510 | ) | |
| 400 East 9th Street | ) | |
| Kansas City, MO 64106 | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

COMES NOW Plaintiff, DaJuan McClanahan, by and through is undersigned counsel, and for his causes of action against Defendant Internal Revenue Service alleges and avers as follows:

## PARTIES, GENERAL ALLEGATIONS, JURISDICTION AND VENUE

1. Plaintiff DaJuan McClanahan (hereinafter "Plaintiff" or "McClanahan") is an individual who at all relevant times was, and currently is, a resident of Kansas City, Missouri.

2. Defendant Janet L. Yellen, Secretary of the Treasury, is the required named party of The Internal Revenue Service (hereinafter "Defendant" or "IRS") is a federal entity governed by the laws of the United States. Defendant IRS may be served by delivering a copy of the summon and complaint to the United States Attorney for the Western District of Missouri at the address above.

3. IRS is legally organized under the laws of the United States of America and Defendant regularly conducts business in the state of Missouri.

4. At all times relevant hereto, Plaintiff was an employee of IRS, as that term is defined in 42 U.S.C. §2000e(f).

5. At all times relevant hereto, Defendant IRS is an employer as that term is defined in 42 U.S.C. §2000e(b).

6. On information and belief, Defendant IRS employs (and at all times relevant hereto has employed) more than 500 employees.

7. At all relevant times Plaintiff was performing his job duties primarily within the state of Missouri, and therefore complained of actions occurred within the state of Missouri.

8. Both jurisdiction and venue are proper in this federal Court. There is diversity of citizenship between the parties. The amount in controversy exceeds $75,000.00. This Court has diversity jurisdiction under 28 U.S.C. § 1332.

9. This Court has jurisdiction over plaintiff's discrimination claims arising out of federal law 42 U.S.C. § 1981.

10. Plaintiff seeks damages in excess of $75,000.00, exclusive of costs.

11. Plaintiff filed with the EEO, his initial Charge of Discrimination, alleging discrimination based on disability and sexual orientation, and hostile work environment. Plaintiff's Charge is attached as Exhibit "A" and incorporated herein by reference.

12. On or about March 21, 2023, the agency mailed to Plaintiff its findings, which is attached as Exhibit "B". Exhibit B is incorporated by reference.

13. This action has been timely commenced by the filing of this Petition within ninety (90) days after Plaintiff's receipt of the aforesaid findings.

### FACTUAL BACKGROUND OF PLAINTIFF'S CLAIMS

14. Plaintiff hereby incorporates the foregoing paragraphs, and those that follow, by reference, as if fully set forth in these factual allegations, including the entire contents of Exhibit

"A" and Exhibit "B".

15.  Plaintiff is a Black male who identifies as gay.

16.  Plaintiff is a Tax Examining Clerk for Defendant Internal Revenue Service.

17.  On April 30, 2021, Plaintiff was threatened by a co-worker and call derogatory names; specifically, Plaintiff's co-worker said, "I'm going to beat your ass, you f****t ass n*****."

18.  Plaintiff reported the incident to his department manager by email and attempted to initiate the process for an EEO case, but the paperwork was never sent to EEO.

19.  Additionally, after Plaintiff reported the incident to his department manager and attempted to initiate an EEO case, another department manager, who is no longer with the IRS, informed Plaintiff that because he reported the incident he was blackballed and would not progress at the IRS.

20.  On June 29, 2021, the acting department manager asked Plaintiff to move teams and Plaintiff refused as the acting department manager did not have authority to move Plaintiff.

21.  Since Plaintiff would not move, he was demoted from Back-up Work Lead and an On-the-Job Instructor ("OJI").

22.  In July of 2021, Plaintiff requested from the acting department manager that he be moved to days because of the anxiety and fear of working with the co-worker who had threatened him and called him derogatory names—this request was denied.

23.  Plaintiff then reached out to the IRS Washington D.C. office regarding the harassment and the requested shift change was then granted by the operations manager.

24.  In August of 2021, Plaintiff was required to move teams again and was harassed and ridiculed on the new team.

25.  Around this time, the EEO Counselor suggested that Plaintiff file a harassment case

against management.

26. Further, the EEO Counselor informed Plaintiff that his previous case regarding the co-worker was not sent to EEO.

27. Upon information and belief, management and/or their agents covered up and intentionally obstructed Plaintiff's attempt to file an EEO case.

28. On August 4, 2021, the results from the administrative investigation into Plaintiff's incident with the co-worker were issued and it was found that both Plaintiff and the co-worker were at fault; Plaintiff and the co-worker were given a directive of "no-contact."

29. In September of 2021, Plaintiff was diagnosed with depression.

30. The harassment, intimidation, and ridicule from employees and management continued.

31. Because of the continued harassment and Plaintiff's bout with depression, anxiety and attention deficit/hyperactivity disorder ("ADHD"), he failed to receive a passing score on the annual appraisal because he did not meet the quota and therefore did not qualify to receive his grade and/or raise increase.

32. On or around September 2, 2021, Plaintiff requested a reasonable accommodation transfer from the night shift to the day shift based on issues concerning his ADHD—such request was denied with no reasonable explanation.

33. Moreover, the acting operations manager began spreading false allegations regarding Plaintiff to other managers further adding to the hostility of Plaintiff's work environment.

34. McClanahan raised concerns with Human Resources and the proper chain of command at IRS regarding the harassment and retaliation. Each time a concern has been raised, IRS has responded with inaction, allowing the discriminatory treatment to continue.

35. Plaintiff repeatedly raised concerns about the discrimination, hostile work environment, disparate treatment, and retaliation to the appropriate members of IRS's team. However, nothing was done to correct the discriminatory behavior.

<u>COUNT I</u>
<u>SEXUAL ORIENTATION DISCRIMINATION/HOSTILE WORK ENVIRONMENT</u>
<u>IN VIOLATION OF 42 U.S.C.§ 2000e *et seq.*</u>

36. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully stated herein.

37. The continuing series of events planned and carried out by Defendant IRS, as described above are discriminatory, abusive, and harassing.

38. Defendant's misconduct, as alleged above, constitutes discrimination based on sexual orientation in violation of 42 U.S.C. § 2000e *et seq.*.

39. Plaintiff has been treated differently and his sexual orientation is the "but for" factor, i.e., that but for his sexual orientation, he would not be treated differently.

40. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress and embarrassment in excess of $75,000.00.

41. The actions of Defendant IRS and its employees have been willful, and in reckless disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to actual and punitive damages.

42. Plaintiff is entitled to all actual damages, and to punitive damages, in such amounts as will be proven at trial and found to be reasonable by a jury.

43. If Plaintiff prevails on his claim, he is entitled to recover all attorneys' fees, costs, and expenses as provided by law.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding him all actual damages deemed fair and reasonable by the jury; for punitive damages in such amount as is deemed

fair and reasonable by the jury; for all attorneys' fees, costs and expenses incurred by plaintiff; and for such other equitable relief as the court deems just and proper.

**COUNT II**
**RETALIATION IN VIOLATION OF 42 USC § 2000e-3**

44.    Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully stated herein.

45.    Plaintiff engaged in protected activity regarding concerns about equal treatment by Defendant IRS.

46.    The continuing series of events planned and carried out by Defendant IRS, as described above, are retaliatory in response to protected activity.

47.    Defendant's misconduct, as alleged above, constitutes retaliation in violation of 42 U.S.C. § 2000e-3.

48.    Plaintiff has been treated differently and retaliated against because of his engagement in protected activities.

49.    As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress and embarrassment in excess of $75,000.00.

50.    The actions of Defendants IRS and its employees have been willful, and in reckless disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to actual and punitive damages.

51.    Plaintiff is entitled to all actual damages, and to punitive damages, in such amounts as will be proven at trial and found to be reasonable by a jury.

52.    If Plaintiff prevails on his claim, he is entitled to recover all attorneys' fees, costs, and expenses as provided by law.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding him all actual damages deemed fair and reasonable by the jury; for punitive damages in such amount as is deemed

fair and reasonable by the jury; for all attorneys' fees, costs and expenses incurred by plaintiff; and for such other equitable relief as the court deems just and proper.

<b><u>COUNT III</u></b>
<b><u>DISABILITY DISCRIMINATION</u></b>
<b><u>IN VIOLATION OF 42 U.S.C. § 12101 <i>et seq.</i></u></b>

53. Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully stated herein.

54. The continuing series of events planned and carried out by Defendant IRS, as described above are discriminatory, abusive, and harassing.

55. Defendant's misconduct, as alleged above, constitutes discrimination in violation of the Americans with Disabilities Act of 1990 codified at 42 U.S.C. § 12101 et seq..

56. Plaintiff has been treated differently and disability is the "but for" factor in the different treatment, i.e., but for his disability, Plaintiff would not be treated differently.

57. As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress and embarrassment in excess of $75,000.00.

58. The actions of Defendant IRS and its employees have been willful, and in reckless disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to actual and punitive damages.

59. Plaintiff is entitled to all actual damages, and to punitive damages, in such amounts as will be proven at trial and found to be reasonable by a jury.

60. If Plaintiff prevails on his claim, he is entitled to recover all attorneys' fees, costs, and expenses as provided by law.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding him all actual damages deemed fair and reasonable by the jury; for punitive damages in such amount as is deemed fair and reasonable by the jury; for all attorneys' fees, costs and expenses incurred by plaintiff; and

for such other equitable relief as the court deems just and proper.

**COUNT IV**
**RETALIATION IN VIOLATION OF 42 USC § 12203**

61.     Plaintiff hereby incorporates by reference the foregoing paragraphs as if fully stated herein.

62.     Plaintiff engaged in protected activity by making requests for reasonable accommodations for his disability.

63.     The continuing series of events planned and carried out by Defendant IRS, as described above, are retaliatory in response to protected activity.

64.     Defendant's misconduct, as alleged above, constitutes retaliation in violation of 42 U.S.C. § 12203.

65.     Plaintiff has been treated differently and retaliated against and his protected action is the "but for" factor in the different treatment.

66.     As a direct and proximate result of the discriminatory conduct of Defendant, Plaintiff has suffered actual damages in the form of lost wages and benefits, humiliation, emotional distress and embarrassment in excess of $75,000.00.

67.     The actions of Defendant IRS and its employees have been willful, and in reckless disregard for the rights of Plaintiff. As a result, Plaintiff is entitled to actual and punitive damages.

68.     Plaintiff is entitled to all actual damages, and to punitive damages, in such amounts as will be proven at trial and found to be reasonable by a jury.

69.     If Plaintiff prevails on his claim, he is entitled to recover all attorneys' fees, costs, and expenses as provided by law.

WHEREFORE, Plaintiff prays for judgment, after jury trial, awarding him all actual damages deemed fair and reasonable by the jury; for punitive damages in such amount as is deemed fair and reasonable by the jury; for all attorneys' fees, costs and expenses incurred by plaintiff; and

for such other equitable relief as the court deems just and proper.

### PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff hereby requests and demands a trial by jury on all issues so triable.

### DESIGNATED PLACE OF TRIAL

Plaintiff, by and through counsel, hereby designates the United States District Court for the

Western District of Missouri at Kansas City as the place of trial.

Respectfully submitted,


**WEBSTER LAW, LLC**

By: _/s/ Spencer J. Webster_
Spencer J. Webster #70728
712 Broadway Blvd., Suite 100
Kansas City, Missouri 64105
Telephone: 816.384.2272
swebster@sjwebsterlaw.com